IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAWRENCE WHITE, | Civil Action No. 2: 17-cv-1460 |
| Petitioner, | United States Chief Judge Joy Flowers Conti |
| v. | |
| SUPERINTENDENT CLARK and the DISTRICT ATTORNEY OF ALLEGHENY COUNTY, | |
| Respondents. | |

# **MEMORANDUM OPINION**

Conti, C.J.

Pending before the court is the petition under 28 U.S.C. § 2254 for a writ of habeas corpus filed by petitioner Lawrence White ("Petitioner" or "White"). (ECF No. 4). The matter was referred to a United States Magistrate Judge for a report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Petitioner is challenging the 1995 judgment of sentence imposed upon him by the Court of Common Pleas of Allegheny County, Pennsylvania, at Docket No. CP-02-CR-00003913-1995. After a bench trial, Petitioner was convicted of third-degree murder, in violation of 18 Pa. Cons. Stat. § 2502, and carrying a firearm without a license, in violation of 18 Pa. Cons. Stat. § 6106. He filed the instant petition on November 9, 2017, seeking federal habeas relief. Respondents Superintendent Clark and the District Attorney of Allegheny County ("Respondents") filed a motion to dismiss arguing that the petition is untimely and that Petitioner failed to plead and prove that he is entitled to any form of equitable tolling. (ECF No. 8).

Petitioner filed a response in opposition (ECF No. 14), to which Respondents filed a reply. (ECF No. 16).

The magistrate judge issued a report and recommendation (ECF No. 17) on February 20, 2018, recommending that the motion to dismiss be granted, the petition be dismissed with prejudice as untimely, and that a certificate of appealability be denied. Service of the report and recommendation was made on the parties, who were informed that, in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, they had until March 6, 2018 (ECF users) and March 9, 2018 (non-ECF users) to file written objections. Petitioner filed timely objections to the report and recommendation (ECF No. 18) and Respondents filed a reply to those objections. (ECF No. 20).

Where, as here, objections have been filed, the court is required to make a *de novo* determination about those portions of the report and recommendation to which objections were made. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The district court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.

Petitioner's objections are difficult to decipher. It appears that the gist of his objections is that the magistrate judge erred in stating in the report and recommendation that he was arguing that he could overcome the time bar because "he received an illegal sentence under *Alleyne* and meets the actual innocence standard per *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)." Obj. at 1 (ECF No. 18). Petitioner argues that the recommendation of the magistrate judge is erroneous because he "can basically rely heavily on the equal protection clause. . . ." *Id.* Petitioner's objections will be addressed seriatim.

2

First, Petitioner continues to argue that at Count 2, his conviction for carrying a firearm without a license, he received an illegal mandatory minimum sentence under 42 Pa. Cons. Stat. § 9712.  In the report and recommendation the magistrate judge explained that the Pennsylvania Superior Court specifically found that the record does not support Petitioner's claim in which he asserted the trial court imposed a five-year mandatory minimum sentence under 42 Pa. Cons. Stat. § 9712.  *See* report and recommendation at 4 (ECF No. 17), *quoting Commonwealth v. White,* No. 1927 WDA 2015, 2016 WL 5868541, at *2 (Pa. Super. Ct. Aug. 19, 2016) (ECF No. 8-1, Exh. 4). The record reflects that Petitioner was sentenced on his third-degree murder conviction to ten to twenty years' imprisonment and was sentenced on his conviction for carrying a firearm without a license to two and one-half years' to five years' imprisonment, with the sentences to consecutively run.   In his objections, Petitioner states, "[he] has contested and will continue to contest that his sentence was illegally increased.  Superior Court misstated the facts."  Obj. at 1 (ECF No. 18).  He does not set forth any greater detail.  On the record presented there is no reason to disagree with the recommendation of the magistrate judge.  The record simply does not support Petitioner's claim that a five-year mandatory minimum sentence was imposed at Count 2 pursuant to 42 Pa. Cons. Stat. § 9712.  Therefore, this objection will be denied as without merit.

Next, Petitioner argues that the magistrate judge erred in stating that he was relying on *McQuiggin* to support his actual innocence claim,

> The written findings are erroneous because (again) Mr. White does not rely on McQuiggin v. Perkins, [569 U.S. 383 (2013)], as his actual innocence claim.  He relies on McQuiggin v. Perkins to demonstrate one cannot be time barred on his first writ of habeas corpus if he claims innocence.  Mr. White relies on Sawyer v. Whitley, [505 U.S. 333 (1992)] , and Dretcke v. Haley,[541 U.S. 386 (2004)], to demonstrate a claim of actual innocence of a sentence.

3

Obj. at 2 (ECF No. 18). This objection also is without merit because Petitioner's understanding of the holding in *McQuiggin* is incorrect and his reliance on the two decisions by the United States Supreme Court, *Sawyer v. Whitley*, 505 U.S. 333 (1992), and *Dretcke v. Haley,* 541 U.S. 386 (2004), is misplaced. Petitioner cited no support for his argument that the holding in *McQuiggin* somehow made a time-bar exception for a "first writ of habeas corpus if he claims innocence." Obj. at 2 (ECF No. 18). In fact, contrary to Petitioner's argument, the habeas petition at issue in *McQuiggin* was "an untimely first federal habeas petition." *McQuiggin*, 569 U.S. at 396. Further, the decisions in *Sawyer* and *Dretcke* provide no support for Petitioner's argument. The issue before the Supreme Court in both those cases involved whether the petitioners had shown they were "actually innocent" of the crimes of which they were convicted. Here, Petitioner never argued that he is actually innocent of the crimes of which he was convicted; rather, he has steadfastly maintained that he was subjected to an illegal sentence. As explained in the report and recommendation, an allegation of an illegal sentence does not constitute or establish "actual innocence." Even assuming arguendo that these cases have any bearing on the instant case, *Dretcke* was decided in 2004, long before Petitioner filed the instant federal habeas petition. Petitioner fails to explain why he delayed in filing the instant habeas petition.

Petitioner's third and final argument is that he is entitled to relief under the Equal Protection Clause or *Welch v. United States,* 136 S.Ct. 1257 (2016). His claim that he is entitled to habeas relief under the Equal Protection Clause is general and conclusory:

> Mr. White remains under an illegal sentence in lucid violation of his Eighth and Fourteenth Amendment rights to be liberated from cruel and unusual punishment and due process at law under the equal protection clause of persons with illegal sentences that have been rectified, and due process of law like those individuals that were granted relief on appeal in state court.

Memo. of Law at 6 (ECF No. 4-1). Petitioner does not include any facts which would reasonably support an equal protection argument. His objections to the report and recommendation are no more specific:

> Since the Magistrate did not find Alleyne helpful to Mr. White case, her findings should not have stopped there. They (her findings), should have swam in further to reach the beneficial conclusion of an equal protection violation . . . .

Obj. at 2 (ECF No. 18). Petitioner's conclusory allegations are not sufficient to establish that his equal protection rights were violated.

Additionally, his reliance on *Welch* is equally unavailing. In *Johnson v. United States*, 135 S.Ct. 2551 (2015), the Supreme Court held that imposing an enhanced sentence under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), violated the constitutional right to due process. In *Welch*, the Supreme Court recognized that *Johnson* is a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

Petitioner's objection is premised on his argument claim that he received an illegal enhanced five-year mandatory minimum sentence pursuant to 42 Pa. Cons. Stat. § 9712. Petitioner, however, is mistaken when he asserts that the trial court imposed an enhanced sentence under 42 Pa. Cons. Stat. § 9712. For his conviction at Count 2, carrying a firearm without a license, Petitioner was sentenced to a term of imprisonment of two and one-half years to five years. *See* Criminal Docket, Court of Common Pleas of Allegheny County, No. CP-02-CR-0003913-1995. The record does not support Petitioner's claim that the trial court imposed a five-year mandatory minimum sentenced pursuant to 42 Pa. Cons. Stat. § 9712.

5

In conclusion, irrespective of how Petitioner's objections are couched, the recommendation that nothing in the present record supports a conclusion that equitable tolling is correct. The court reviewed the matter and concludes that the report and recommendation correctly analyzes the issue and makes a sound recommendation. Accordingly, after *de novo* review of the pleadings and documents in this case, together with the report and recommendation, and the objections and response thereto, the court will order that respondents' motion to dismiss be granted and the instant petition for writ of habeas corpus be dismissed as untimely filed. Because reasonable jurists would not find it debatable whether the instant petition is untimely and that equitable tolling is not appropriate, a certificate of appealability will not issue.

BY THE COURT:

DATED: April 12, 2018         /s/ Joy Flowers Conti
                              Joy Flowers Conti
                              United States Chief Judge


cc:   LAWRENCE WHITE
      MV-3538
      SCI Albion
      10745, Route 18
      Albion, PA 16475-0002
      (via U.S. First Class Mail)

      Rusheen R. Pettit
      Office of the District Attorney
      (via ECF electronic notification)